# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 24-20232 CR-MOORE/GOODMAN

UNITED STATES OF AMERICA

    Plaintiff,

v.

WILLIE WEATHERSPOON,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA

United States District Judge K. Michael Moore referred to the Undersigned a change of plea hearing for the acceptance of Defendant's guilty plea. [ECF No. 25]. The Undersigned conducted a hearing and **recommends** the following to the District Court:

1. On November 21, 2024, the Undersigned convened a hearing to permit Defendant to enter a change of plea.

2. The Undersigned advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, the Undersigned advised Defendant that I was conducting the change of plea hearing on referral from the District Court and with the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to this case. The Undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make

all findings and rulings concerning Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

3. Defendant, defense counsel, and the covering Assistant United States Attorney[1] all agreed on the record to the Undersigned conducting the change of plea hearing.

4. The Undersigned then conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

5. There is a written plea agreement that has been entered into by the parties in this case. The Undersigned reviewed the plea agreement[2] on the record and had Defendant acknowledge that he signed the plea agreement. The Undersigned made certain that Defendant was aware of any minimum mandatory sentences and maximum sentences that could be imposed in this case, in accordance with the plea agreement and the applicable statutes.

6. Defendant pled guilty to the Indictment. [ECF No. 3]. The Indictment charges Defendant with one count of distribution of cocaine, to wit, five hundred (500) grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1)

---

[1] Assistant United States Attorney Yvonne Rodriguez-Schack is assigned to this case. However, due to her unavailability, Assistant United States Attorney Michele Vigilance stood in for her at the change of plea hearing.

[2] During the hearing, the signed plea agreement was entered as Exhibit 1 and the stipulated factual proffer was entered as Exhibit 2.

and (b)(1)(B)(ii)(II).

7. Through a written factual proffer[3] signed by Defendant, the Assistant United States Attorney assigned to the case stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The Undersigned reviewed the factual proffer with Defendant on the record. Defendant acknowledged the accuracy of the factual proffer and acknowledged his guilt and knowing participation in the alleged crime.

8. The Undersigned also discussed with Defendant that an adjudication of guilt could affect his immigration status, including, but not limited to, being subject to deportation or denaturalization. Defendant understood and acknowledged that his guilty plea may have an effect on his immigration or naturalization status.[4]

9. Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned **respectfully recommends** that the District Court find that Defendant freely and voluntarily entered a guilty plea to the Indictment, and that it

---

[3] During the hearing, the parties informed the Court that the signed factual proffer included two mistakes: (1) the date of the offense is March 31, 202**4**, not March 31, 202**3**; and (2) the weight of cocaine tested was 1,003.8 grams, not kilograms. The covering Assistant United States Attorney, Defendant, and his counsel corrected the factual proffer and each signed their initials next to the corrections in front of the Undersigned.

[4] Defendant advised that he is a United States citizen, so it appears as though the deportation discussion in the plea agreement (and the hearing) was likely an inapplicable and purely theoretical one.

3

adjudicate Defendant guilty as to the Indictment.

**ACCORDINGLY**, the Undersigned **respectfully recommends** that the District Court accept Defendant's plea of guilty, adjudicate him guilty of the offense listed in the Indictment to which a plea of guilty has been entered, and conduct a sentencing hearing for final disposition of this matter.

The parties shall have three (3) days[5] from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within three (3) days of the objection. Failure to file timely objections waives a party's right to review issues related to Defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), cited in *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (*en banc*).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on November 21, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

[5] The Undersigned is shortening the deadline to file objections and responses to any objections from 14 days to three days because the parties have executed a plea agreement and the Undersigned does not anticipate any objections to this change of plea.

**Copies furnished to**:
The Honorable K. Michael Moore
All Counsel of Record
United States Probation Office